# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| STEPHEN W. NORFOLK and<br>BRANDY M. NORFOLK,<br>Plaintiffs, | : <br> : <br> : <br> : | 3:17-cv-204 |
| Vs. | : <br> : <br> : | |
| THE GEO GROUP, INC., d/b/a<br>MOSHANNON VALLEY<br>CORRECTIONAL CENTER,<br>Defendant. | : <br> : <br> : <br> : | JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, COME Plaintiffs Stephen W. Norfolk and Brandy M. Norfolk ("Plaintiffs") by and through their attorneys, Amy H. Marshall, Esquire and Babst, Calland, Clements and Zomnir, P.C. and files this Complaint against The Geo Group, Inc. d/b/a Moshannon Valley Correctional Center ("Defendant") in support thereof avers as follows:

### JURISDICTION

1.      This Court has jurisdiction over this action pursuant to the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 42 U.S.C. § 2000e-5. This Court has pendant jurisdiction over the Plaintiffs' Pennsylvania Human Relations Act (PHRA) claim, 43 Pa.C.S. §951 et seq.

2.      This Court can exercise personal jurisdiction over Defendant because, among other things, Defendant continuously and systematically conducts business in the Commonwealth of Pennsylvania. Defendant employed Plaintiffs in the Western District of Pennsylvania and Defendant terminated Plaintiffs in the Western District of Pennsylvania.

## VENUE

3.      Venue is proper in this judicial district because the unlawful employment practice and racial discrimination and retaliation claim alleged in the Complaint was committed within the Western District of Pennsylvania; Defendant regularly conducts business in the Western District of Pennsylvania; Plaintiffs would be employed in the Western District of Pennsylvania, but for the unlawful employment practices and Defendant employs numerous individuals in the Western District of Pennsylvania.   Accordingly, venue lies in the United States District Court for the Western District of Pennsylvania.

## PARTIES

4.      Plaintiffs are adult individuals, who at all times relevant to the allegation in this Complaint resided in Kylertown, Pennsylvania, Clearfield County. Plaintiffs aver that they are eligible employees pursuant to Title VII and the PHRA.

5.      Defendant is a private prison institution housing inmates in Clearfield County, Pennsylvania. The Defendant's main office is located at 555 Cornell Drive, Philipsburg, Clearfield County, Pennsylvania.

6.      At all relevant times hereto, Defendant was Plaintiffs' employer and was an employer within the meaning of Title VII of the Civil Rights Act and the Pennsylvania Human Relations Act.

## ADMINISTRATIVE PROCEEDINGS

7.      Plaintiffs have satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 and specifically:

a.   Plaintiffs filed timely written charges alleging racial discrimination and retaliation with the Pennsylvania Human Relations Commission (PHRC) and the United States Equal Employment Opportunity Commission (EEOC);

b.   Plaintiff, Stephen W. Norfolk received a Notice of Right to Sue Letter from the EEOC on August 4, 2017.

c.   Plaintiff Brandy M. Norfolk received a Notice of Right to Sue Letter from the EEOC on August 9, 2017.

d.   Plaintiffs filed this Complaint within ninety (90) days of receipt of the Notice of Right to Sue Letters from the EEOC and is within two (2) years of the Plaintiffs' dismissal from the PHRC.

## FACTUAL BACKGROUND – STEPHEN W. NORFOLK

8.   The Plaintiff Stephen W. Norfolk began employment as a Corrections Officer with the Defendant in February, 2006.  On October 26, 2012, Stephen W. Norfolk was promoted to the rank of Lieutenant and was a Lieutenant at the time of his termination.

9.   In 2014, the Defendant terminated much of the executive staff and filled positions with new individuals, including the employment of Major Robert Parrish.

10.   Stephen W. Norfolk's supervisor was Major Robert Parrish who is an African American man.

11.   In late 2014, Stephen W. Norfolk began enduring harassing and racially discriminating comments from Major Robert Parrish.

12.   In December, 2014, Major Parrish began demeaning and harassing Mr. Norfolk after Mr. Norfolk confirmed reports of Major Parrish's use of profanity with the staff.

13.   In May, 2015, Mr. Norfolk reported an incident to Mr. Uhlig (Human Resources) regarding Major Parrish's behavior addressing his departure from work on May 12, 2015.  As a

result of Mr. Norfolk's report to human resources, Major Parrish threatened Mr. Norfolk about reporting any other activities under a direct threat of termination.

14.     Major Parrish made racially charged discriminatory comments to Stephen W. Norfolk including, but not limited to:

        a.   "you're gonna learn that reporting this ain't goin nowhere, and I can get a piece of white ass whenever I want" ….. "I love white ass";

        b.   "you sit that white ass in your seat";

        c.   "I ought'a fire your white ass".

15.     Some of Major Parrish's comments were made to Stephen W. Norfolk in the presence of Mr. Norfolk's co-workers.

16.     Mr. Norfolk again advised the human resources manager Ed Uhlig that he was being harassed by Major Parrish.  Mr. Uhlig did not address or respond to the complaints.

17.     Major Parrish gave preferential treatment to Edward McDougald (race African American) also a Lieutenant.  Mr. McDougald received additional time off while other white Lieutenants, including Mr. Norfolk, were required to work double shifts.  Mr. McDougald was also not disciplined for infractions.  His performance failures were overlooked by Major Parrish.

18.     On February 5, 2016, Stephen W. Norfolk was contacted by Human Resources and advised that Major Parrish had placed him on administrative leave without pay until further notice.

19.     On April 25, 2016, Stephen W. Norfolk received a letter from Defendant terminating his employment for failure to follow policy.

20.     One day after Stephen W. Norfolk was terminated, on April 26, 2016, Major Robert Parrish was terminated from employment with Defendant.

## FACTUAL BACKGROUND – BRANDY M. NORFOLK

21.     The Plaintiff Brandy M. Norfolk began employment as a Case Manager with the Defendant in January, 2006. At the time she was terminated, she was employed as a Unit Manager.

22.     Brandy M. Norfolk's Supervisor was Donald Emerson.

23.     On February 8, 2016, one day after her husband, Stephen W. Norfolk was placed on administrative leave without pay, Brandy M. Norfolk's supervisor began targeting Brandy M. Norfolk's performance.

24.     On June 10, 2016, Brandy M. Norfolk received a letter placing her on administrative leave without pay pending a review of her performance and adjudication of potential disciplinary action.

25.     Prior to her husband being placed on administrative leave up to the time when she received a letter placing her on administrative leave, Brandy M. Norfolk had no significant disciplinary issues at her place of employment.

26.     At no time during her employment was any issue brought to her attention that needed to be addressed under normal disciplinary proceedings.  In fact, the first time Brandy M. Norfolk was advised of any disciplinary issues was on the date she received the letter of June 10, 2016, placing her on administrative leave.

27.     On June 16, 2016, Brandy M. Norfolk was directed to report to the facility and left to stand in the main administrative building where all staff and visitors were processed and in direct sight of staff, causing her embarrassment and humiliation amongst her peers. Ms. Norfolk was then taken to a conference room where she was terminated in front of the executive staff.

## RACIAL DISCRIMINATION AND HARASSMENT – STEPHEN W. NORFOLK

### Count I

28.     Plaintiff incorporates by reference the averments of Paragraphs 1-27 of the Complaint as if the same were set forth in full.

29.     Stephen W. Norfolk was thirty-eight (38) years old at the time he was terminated and is of the Caucasian descent.

30.     Stephen W. Norfolk was qualified as a Lieutenant.

31.     Stephen W. Norfolk was a veteran employee at the prison at the time the prison was taken over by Defendant.

32.     When Defendant took over the management of the prison, an African American man, Major Robert Parrish, was placed in the position of Stephen W. Norfolk's supervisor.

33.     Major Parrish targeted the white employees at the prison.

34.     White employees were reprimanded for incidences that black employees were not reprimanded in the same or similar manner.  In fact, the black employees under Major Parish's supervision were not reprimanded at all.

35.     Major Parrish made open, verbal racial slurs to Stephen W. Norfolk on a regular basis.  Said racial slurs to Stephen W. Norfolk were also made in front of other employees.

36.     Upon information and belief, Defendant terminated Stephen W. Norfolk on the basis of race.

37.     The above described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

38.     The Defendant's actions were performed with malice and/or reckless indifference to the Plaintiffs' federally protected rights.

39.     As a direct and proximate result of the above-mentioned employment practices, Stephen W. Norfolk was deprived of his job and has lost income in the form of back and front pay, fringe benefits, retirement contributions, medical insurance, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and he has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience and mental anguish for which he seeks damages.

WHEREFORE, Stephen W. Norfolk demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, liquidated damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## DISCRIMINATION/RETALIATION – STEPHEN W. NORFOLK

### Count II

40.     Plaintiff incorporates by reference the averments of Paragraphs 1-39 of the Complaint as if the same were set forth in full.

41.     Stephen W. Norfolk reported the racial slurs from Major Parrish to Mr. Uhlig on several occasions.

42.     As a result of making reports about the racial discrimination, Major Parrish retaliated against Stephen W. Norfolk.

43.     Stephen W. Norfolk was terminated on April 25, 2016.

44.     The above-described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

45.     The Defendant's actions were also performed with malice and/or reckless indifference to the Plaintiffs' federally protected rights.

46.     As a direct and proximate result of the above-mentioned employment practices, Stephen W. Norfolk was deprived of his job and has lost income the form of back and front pay, fringe benefits, retirement contributions, medical insurance, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and he has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience and mental anguish for which he seeks damages.

WHEREFORE, Stephen W. Norfolk demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, liquidated damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## DISCRIMINATION/RETALIATION – BRANDY M. NORFOLK

### Count III

47.     Plaintiff incorporates by reference the averments of Paragraphs 1-46 of the Complaint as if the same were set forth in full.

48.     As a result of Brandy M. Norfolk's husband filing a complaint with the PHRC and EEOC, Brandy Norfolk was targeted by Defendant in a retaliatory nature.

49.     Brandy M. Norfolk had no disciplinary issues at work prior to her husband being terminated from employment.

50.     The day after Brandy's husband was placed on administrative leave, Brandy M. Norfolk's supervisor began to target her performance.

51.     Brandy M. Norfolk was unjustly disciplined for three alleged incidents that were never brought to her attention until such time that she received a letter advising her she was placed

on administrative leave without pay pending a review of her performance and adjudication of potential disciplinary action.

52.     Upon information and belief, Defendant terminated Brandy M. Norfolk on the basis of retaliation.

53.     The above-described unlawful employment practices by Defendant, its agents, servants and employees violate Title VII.

54.     The Defendant's actions were also performed with malice and/or reckless indifference to the Plaintiffs' federally protected rights.

55.     As a direct and proximate result of the above-mentioned employment practices, Brandy M. Norfolk was deprived of her job and has lost income in the form of back and front pay, fringe benefits, retirement contributions, medical insurance, lost future job opportunities, future substantial pecuniary losses, non-pecuniary losses and she has suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience and mental anguish for which she seeks damages.

WHEREFORE, Brandy M. Norfolk demands judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, liquidated damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

## PENNSYLVANIA HUMAN RELATIONS ACT VIOLATIONS

### Count IV

56.     Plaintiffs incorporate herein by reference the averments of Paragraphs 1-55 as if the same were set forth in full.

57.     Plaintiffs are in protected classes under the PHRA.

58.     The Defendant is an "employer" as the term is defined in the PHRA. The Defendant's acts as alleged herein violate the Pennsylvania Human Relations Act.

59.     Defendant's conduct as set forth above constitutes intentional and willful violations of the PHRA.

60.     As a direct and proximate result of the employment practices, Plaintiffs have been deprived of their jobs, lost income in the form of back and front pay, fringe benefits, retirement contributions, medical insurance, loss future opportunities, future substantial pecuniary losses, non-pecuniary losses. Plaintiffs have suffered embarrassment, humiliation, emotional distress, pain, suffering, inconvenience and mental anguish for which the Plaintiffs seek damage under the PHRA.

WHEREFORE, Stephen W. Norfolk and Brandy M. Norfolk demand judgment against Defendant and damages in an amount that this Court and a jury deem fair and reasonable including, but not limited to, front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, liquidated damages, prejudgment interest, post-judgment interest and reasonable attorney's fees including litigation expenses and the costs in this action.

<div style="margin-left:40%">

Respectively submitted,
BABST, CALLAND, CLEMENTS AND ZOMNIR, P.C.

By: /s/   Amy H. Marshall
    Amy H. Marshall, Esquire
    Attorney for Plaintiffs
    Attorney ID: 74852
    330 Innovation Blvd., Suite 302
    State College, PA 16803
    Phone: (814) 867-8055
    Fax: (814) 867-8051
    amarshall@babstcalland.com

</div>

Date: November 1, 2017